
# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

-------------------------------------------------------x

MARINE ENVIRONMENTAL              CIVIL NO. 18-1179 (PAD)
REMEDIATION GROUP LLC and
MER GROUP PUERTO RICO LLC,

         Plaintiffs,

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

         Defendant.

-------------------------------------------------------x

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S
## MOTION TO STAY PROCEEDINGS

Plaintiffs Marine Environmental Remediation Group LLC and MER Group Puerto Rico LLC ( collectively, "MER") submit this Opposition to Defendant Travelers Property Casualty Company of America's ("Travelers") Motion to Stay this proceeding pending the resolution of a separate action in the U.S. District Court for the Southern District of New York, captioned *Starr Indemnity & Liability Co. v. Marine Environmental Remediation Group, LLC*, Civil Action No. 17 Civ. 9881 (LGS) (the "*Starr* Action"). *See* Docket No. 32. Travelers' Motion should be denied, because Travelers has offered no legitimate reason for a stay of this action, and its Motion is simply a strategy ploy to avoid the day of reckoning concerning its coverage obligations under the marine protection and indemnity ("P&I") insurance policies that it sold to MER, as well as the consequences of its unrelenting bad faith conduct ("dolo") towards its policyholder MER.

142789637.1

## I. TRAVELERS' MOTION TO STAY SHOULD BE DENIED BECAUSE THERE IS NO PRINCIPLED BASIS FOR A STAY.

There is no basis for a stay of this proceeding, because this action is broader and it involves different parties, policies, claims, and damages than the *Starr* Action. Travelers is not a party in the *Starr* Action, and Starr is not a party in this action. The policy at issue in the *Starr* Action is a single pollution liability policy, while the policies at issue here are primary and excess marine P&I policies. Contrary to Travelers' arguments here, the *Starr* Action is *not* a mirror image of this action. Travelers' breach of its independent contractual and extra-contractual obligations to MER (*e.g.*, bad faith or "dolo") will not be resolved in the narrower *Starr* Action. As such, the question of whether Starr or MER prevails in the *Starr* Action is not dispositive of MER's independent and broader claims against Travelers in this action. Furthermore, the damages claimed by Starr in the *Starr* Action are not coextensive with, or equal to, the damages claimed by MER against Travelers in this action.

### A. The Claims in This Action Are Broader Than and Different From the Claims in the *Starr* Action.

Travelers erroneously argues that the result of the *Starr* Action would somehow moot this action. Nothing could be further from the truth. The outcome of the *Starr* Action would not impact this action, and it plainly would not render this case moot. For example, if MER prevails in the *Starr* Action, this action will not simply go away. MER's broader and independent claims against Travelers for its breaches of its contractual and extra-contractual obligations (*e.g.*, bad faith or "dolo") under the primary and excess P&I policies that Travelers sold to MER must be resolved in this Court. Also, in this action MER has a claim against Travelers based in part upon the voluntary wreck removal coverage of the Travelers primary P&I policy. No similar or parallel voluntary wreck removal claim exists in the *Starr* Action, because the Starr pollution

- 2 -

liability policy does not contain a voluntary wreck removal provision, and it pays for wreck removal only if necessary to stop or prevent a substantial threat of pollution discharge or release.

In addition, in this action the Court has been asked to consider Travelers' bad faith conduct ("dolo"), including but not limited to its utter abandonment of its insured MER subsequent to the sinking of the LONE STAR, as well as the fact that Travelers, even to date, has yet to issue to MER a correct version of the Travelers P&I policies. As such, a significant portion of this case involves MER's extra-contractual claims in connection to Travelers' unrelenting bad faith conduct ("dolo") in this case. Travelers' bad faith conduct ("dolo") in this action is not part of the *Starr* Action.

Travelers' argument that if Starr prevails in the *Starr* Action, then MER will "need time to assess whether it should proceed against Travelers" is unavailing. The *Starr* Action will only determine coverage under the Starr pollution liability policy, and not the separate primary and excess P&I policies that Travelers sold to MER.

Travelers also argues that entering a stay supposedly would prevent "inconsistent procedural and legal rulings." This argument is a complete red herring. The Starr pollution liability policy and the Travelers primary and excess P&I policies are different stand-alone insurance contracts, each with its own separate grant of coverage as well as terms and conditions. Furthermore, the choice of law considerations are different in each case, because the *Starr* Action will be governed in part by New York law, while Puerto Rico law is applicable to this action. Accordingly, the separate forums and choice of law considerations involved in this action and the *Starr* Action are not a basis for a stay of this action.

### B. The Damages Sought in this Action are Greater Than and Different From the Damages Alleged in the *Starr* Action.

Travelers' argument that the damages sought by Starr in the *Starr* Action supposedly are "the very damages that MER seeks from Travelers here" is factually incorrect. In the *Starr* Action, Starr's claims against MER are limited to the specific amounts that Starr alleges it expended for pollution mitigation and wreck removal in connection with the sinking of the LONE STAR, or approximately $2.6 million. *See* Travelers Motion Ex. 2 at 4 (listing amounts for pollution mitigation and wreck removal claimed by Starr in the *Starr* Action). In this action, however, MER seeks from Travelers the substantially higher damages arising from Travelers' contractual and extra-contractual breaches. Indeed, Travelers has been aware of this fact for many months, yet completely overlooks this fundamental fact in its hasty Motion to Stay. In August 2018, MER disclosed to Travelers that MER sought "not less than $4,989,426.00" for the following categories of damages:

| | |
|---|---|
| **Wreck Removal and Response Costs:** | **$3,683,773.58** |
| **MER Direct Expenses:** | **$484,686.40** |
| **Legal and other Professional Expenses:** | **$820,966.02** |

*See* Letter from MER to Travelers (August 9, 2018) (Exhibit A hereto). At that time, MER further disclosed to Travelers that MER "claims amounts to be determined at trial for sue and labor; Travelers' breach of the duty of good faith and fair dealing; and Travelers' bad faith." *Id.* Accordingly, MER's damages claimed in this action are at a minimum $2.3 million greater than the damages claimed by Starr in the *Starr* Action. Simply put, Travelers is absolutely wrong in arguing that the damages claimed in the *Starr* Action and in this action are the same.

## II. ANY EXTENSION OF THE DISCOVERY PERIOD SHOULD BE DENIED BECAUSE TRAVELERS SAT ON ITS HANDS FOR MONTHS.

To the extent that Travelers professes a need for an extension of the discovery period, that is entirely a problem of its' own making. At the beginning of the discovery period in this action, Travelers issued a flurry of document requests, deposition notices, and subpoenas. Travelers then proceeded to sit on its hands for months. Among other things, Travelers did not pursue completion of the parties' agreement concerning electronically stored information ("ESI") discovery, nor did Travelers take any depositions of either MER personnel or third-party witnesses that it had hastily noticed or subpoenaed. Furthermore, when MER noticed the depositions of two Travelers employees, Travelers waited for nearly a month to "object to the noticed dates…as [simply] inconvenient." The reason for Travelers' dilatory tactics in this regard is clear: Travelers has elected to slow-roll discovery in this case and await a ruling in the *Starr* Action, which Travelers mistakenly hopes will somehow absolve it of its stand-alone and independent coverage obligations to MER.

Recent developments in the *Starr* Action, however, have caused Travelers to panic as its slow-roll strategy began to backfire. As Travelers acknowledges, discovery in the *Starr* Action has been continued into January 2019, although not, as Travelers erroneously claims, due to any "discovery deficiencies" by MER. Apparently seeking to backfill earlier opinions of Starr's retained marine surveyor that Starr now finds unhelpful, Starr sought and was granted an additional inspection, scheduled for January 3, 2019, of the sea-chest valves that were vandalized and sabotaged and caused the sinking of the LONE STAR, and still remain at MER's Roosevelt Roads facility. As a result, Travelers' gamesmanship of having this case "trail" the *Starr* Action proved to be misplaced, and Travelers realized that the January 28, 2019 discovery deadline was fast approaching and decided, in a panic, to file its Motion at Docket No. 32.

After filing the Motion, in a transparent attempt to prop up its argument and backfill its utter failure to conduct meaningful discovery to date, Travelers served MER with additional repetitive requests for written discovery that are largely duplicative of requests previously made by Travelers and objected to by MER. At a minimum, Travelers clearly should not be permitted to have it both ways: on the one hand seeking further document discovery in an effort to bootstrap a discovery extension request; while on the other hand objecting to MER's longstanding deposition notices under the operative discovery deadline. Ultimately, however, the only fact that matters here is that Travelers knowingly elected not to complete discovery during the time period established in the Court's July 3, 2018 Case Management Order, and Travelers should not now be rewarded for its gamesmanship and strategy decision to do almost nothing on the discovery front for nearly six months.

For its part, MER is substantially ready to proceed to trial. As previously discussed, there is no principled basis for a stay of this action, which is neither dependent on, nor secondary to, the *Starr* Action. For the foregoing reasons, MER respectfully requests that Travelers' Motion to Stay Proceedings be denied, and that the Court proceed to set a pre-trial conference and a trial date, at the Court's earliest convenience.

**RESPECTFULLY SUBMITTED,**

In the city of San Juan, Puerto Rico, this 8th day of January 2019.



P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
☎ (787) 977-5050 ✉ (787) 977-5090

S/KENNETH C. SURIA
**Kenneth C. Suria**
Email: kcsuria@estrellallc.com
USDC-PR 213302

**S/PETER L. TRACEY**
**Peter L. Tracey (admitted *pro hac vice*)**
**Koorosh Talieh**
**PERKINS COIE LLP**
700 13th Street, NW
Washington, DC 2005-3960
Tel. No.: (202) 654-6200
Fax.: No. (202) 654-6211
Email: Ptracey@perkinscoie.com

*Attorneys for Plaintiffs*

# EXHIBIT A

**PERKINS**COIE

700 13th Street, NW  
Suite 600  
Washington, D.C. 20005-3960

T. +1.202.654.6200  
F. +1.202.654.6211  
PerkinsCoie.com

August 9, 2018

Peter L. Tracey  
PTracey@perkinscoie.com  
D. +1.202.434.1686  
F. +1.202.654.9688

**VIA E-MAIL**

P. Ryan McElduff, Esq.  
Duane Morris LLP  
One Riverfront Plaza  
1037 Raymond Boulevard  
Suite 1800  
Newark, NJ  17102-5429

Re: Marine Environmental Remediation Group LLC, et al. v. Travelers Property & Casualty Company of America, Civil Case No. 18-cv-1179

Dear Ryan:

I am writing in response to your letter of August 3, 2018 concerning MER's supplemental disclosures. In reference to the damages claimed by MER, as previously disclosed MER seeks a total of not less than $4,989,426.00 for Travelers' breach of the insurance contract. The elements of this total amount are the following:

| | |
|---|---|
| Wreck Removal and Response Costs | $3,683,773.58 |
| MER Direct Expenses | $484,686.40 |
| Legal and other Professional Services | $820,966.02 |

MER also claims amounts to be determined at trial for sue and labor; Travelers' breach of the duty of good faith and fair dealing; and Travelers' bad faith.

MER will make the documents that support the above amounts available for inspection and copying at MER's Roosevelt Roads, Puerto Rico facility at a mutually convenient time.

Very truly yours,

Peter L. Tracey

cc: James W. Carbin, Esq.    (via email)  
Jorge F. Blasini, Esq.    (via email)  
Kenneth C. Suria, Esq.    (via email)  
Koorosh Talieh, Esq.    (via email)

140849892.1

Perkins Coie LLP