# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------x

MARINE ENVIRONMENTAL
REMEDIATION GROUP LLC and
MER GROUP PUERTO RICO LLC,

        Plaintiffs,

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Defendant.

------------------------------------------------------x

CIVIL NO. 18-1179 (PAD)

### PLAINTIFFS' SUR-REPLY TO DEFENDANT'S
### MOTION TO STAY PROCEEDINGS

**TO THE HONORABLE COURT:**

    COME NOW, Plaintiffs Marine Environmental Remediation Group LLC and MER Group Puerto Rico LLC (collectively, "MER") and submit this Sur-reply to Defendant Travelers Property Casualty Company of America's ("Travelers") Motion to Stay Proceedings, and respectfully STATE, ALLEGE, and PRAY:

    In MER's Opposition to Travelers' Motion to Stay at Docket No. 34, MER established that the parties, insurance policies, claims alleged, and damaged claimed in this action are fundamentally different and distinct from those in the *Starr* Action. Because of these fundamental differences and distinctions, this case is significantly broader than the *Starr* Action, and there is no principled basis to impose a stay in this action.

    In its Reply at Docket No. 35, however, Travelers completely ignores this fact, and instead complains on the one hand that it has not had sufficient discovery, but on the other hand

attaches to its motion papers thirteen (13) exhibits out of the numerous documents produced in this action, and essentially asks this Court to make substantive factual findings based solely on the Motion to Stay. For example, Travelers improperly seeks to have the Court make factual findings concerning the wreck removal, as well as findings concerning the nature of the damages claimed in both the *Starr* Action and this action. As MER previously has discussed, the damages that MER seeks against Travelers in this action are broader than the damages sought by Starr in the *Starr* Action, and MER's broader damages claim in this action should be determined by the jury at trial.

In addition to its improper attempt to obtain factual findings in connection with its stay request, Travelers completely fails to acknowledge the voluntary wreck removal coverage that Travelers sold to MER, which is at issue only in this action. Travelers is also silent concerning MER's claim in this action concerning Travelers' bad faith conduct ("dolo"), which similarly is at issue only in this action.

Just as there are very different and distinct factual issues involved here, the relevant choice of law considerations are also different in the two actions. This is because the Starr pollution liability policy expressly states that New York law is potentially applicable in the Starr Action, while Puerto Rico law will, at a minimum, apply to MER's extra-contractual bad faith conduct ("dolo") claim in this action. As such, because it is abundantly clear that the matters alleged in this action are different and distinct from the matters alleged in the *Starr* Action, and the choice of law considerations are different, Travelers' Motion should be denied.

**I.     TRAVELERS' MOTION IGNORES THE FACT THAT THE VOLUNTARY WRECK REMOVAL COVERAGE WHICH TRAVELERS SOLD TO MER WILL BE RESOLVED ONLY IN THIS ACTION.**

Travelers spends two pages of its Reply to reach the conclusion that "Starr undeniably paid to remove the LONE STAR," a fact which no one is actually denying. What Travelers fails

- 2 -

to mention, however, is that in the *Starr* Action, Starr seeks reimbursement of those wreck removal costs from MER. Starr makes no claim against Travelers. Indeed, none of the Travelers P&I polices is at issue in the *Starr* Action. In this action, however, one of MER's claims is that Travelers is liable for the wreck removal costs, based in part on the voluntary wreck removal coverage of the Travelers' primary P&I policy, which requires Travelers to pay up to $1 million in voluntary wreck removal costs. Accordingly, Travelers' independent obligation to pay for the LONE STAR wreck removal cannot be resolved in the *Starr* Action, and will be resolved only in this action.

Furthermore, Travelers' arguments that both the *Starr* Action and this action purportedly involve "seaworthiness" and "other insurance" issues should be rejected. To date, Travelers has failed to produce a complete and accurate version of the Travelers P&I policies in an express breach of its duty of good faith and fair dealing. At a minimum, this Court will need a complete and accurate version of the Travelers' P&I policies before it can make any determinations relating to the application of the Travelers policy language.

## II. TRAVELERS CONCEDES THAT THE DAMAGES WHICH MER SEEKS IN THIS ACTION ARE AN "OPEN QUESTION."

The claims at issue in this action are demonstrably broader than, and different and distinct from, the claims in the *Starr* Action, and Travelers concedes that the damages at issue in this action are broader than those alleged in the *Starr* Action. Indeed, Travelers acknowledges the "open questions" concerning MER's damages in this case. Travelers' purported factual critique of MER's claimed damages, however, is irrelevant for purposes of resolving the Motion to Stay, because those matters will be the subject of discovery and subsequent resolution at trial in front of a jury. Significantly, Travelers does not even mention the damages that MER alleges

in this action as a result of Travelers' bad faith conduct ("dolo"), which are a key component of MER's damages claim in this case, and will not be resolved in the *Starr* Action in any event.

### III. TRAVELERS IS INCORRECT CONCERNING CHOICE OF LAW.

Travelers is simply incorrect concerning the differences in applicable law between this case and the *Starr* Action. The Starr pollution liability insurance policy states that New York law applies to any matter concerning the interpretation of the policy in the absence of federal maritime law. *See* Travelers Motion, Exhibit 1, Exhibit A at Chapter 6(a). The versions of the Travelers P&I policies that Travelers has provided to MER to date do not contain choice of law provisions. At a minimum, however, MER's extra-contractual claim in this action for Travelers' bad faith conduct ("dolo") will be governed by Puerto Rico law. Accordingly, the relevant choice of law considerations similarly compel the conclusion that a stay of this action is not warranted.

For the foregoing reasons, and for the reasons previously discussed in its Opposition, MER respectfully requests that Travelers' Motion to Stay Proceedings be denied.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

- 4 -

Case 20-01443-EFP-D Doc 9-4 Filed 06/09/20 Entered 06/09/20 17:21:05 Desc
Case 3:18-cv-01792-AD Document 20 Filed 01/16/19 Page 6 of 6
Exhibit E to Certification    Page 6 of 6

**RESPECTFULLY SUBMITTED,**

In the city of San Juan, Puerto Rico, this 15th day of January 2019.



P. O. Box 9023596
San Juan, Puerto Rico 00902-3596
☎ (787) 977-5050 📠 (787) 977-5090

S/KENNETH C. SURIA
**Kenneth C. Suria**
Email: kcsuria@estrellallc.com
USDC-PR 213302

**S/PETER L. TRACEY**
**Peter L. Tracey (admitted *pro hac vice*)**
**Koorosh Talieh**
**PERKINS COIE LLP**
700 13th Street, NW
Washington, DC 2005-3960
Tel. No.: (202) 654-6200
Fax.: No. (202) 654-6211
Email: Ptracey@perkinscoie.com

*Attorneys for Plaintiffs*

- 5 -