| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ  07662<br>(201) 845-1000<br>Attorneys for Charles M. Forman, Chapter 7 Trustee<br>Erin J. Kennedy, Esq.<br>ekennedy@formanlaw.com | |
| In Re:<br><br>MARINE ENVIRONMENTAL REMEDIATION GROUP LLC, et al.,<br><br>                                             Debtors. | Chapter:   7<br>Joint Administration<br><br>Case No.:  19-18994 (VFP)<br><br>Judge:    Hon. Vincent F. Papalia |
| MARINE ENVIRONMENTAL REMEDIATION GROUP LLC, et al.,<br>                                             Plaintiffs,<br>v.<br><br>STARR INDEMNITY & LIABILITY COMPANY, et al.,<br><br>                                             Defendants. | Adv. Pro. No. 20-1141 (VFP) |

**TRUSTEE'S APPLICATION IN SUPPORT
OF MOTION TO APPROVE SETTLEMENT**

Charles M. Forman, the Chapter 7 Trustee ("Trustee") for the for the estates of Marine Environmental Remediation Group, LLC and MER Group Puerto Rico, LLC (the "Debtors"), through his attorneys, Forman Holt, submits this application in support of his motion for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") approving the settlement agreement between the Trustee and Starr Indemnity & Liability Company ("Starr"). In support, the Trustee respectfully represents that:

F0116458 - 1

1. The Trustee has entered into a Settlement Agreement with Starr which is described in the Trustee's Certification submitted herewith. A copy of the Settlement Agreement is attached to the Trustee's Certification.

2. The Trustee seeks entry of an order approving the Settlement Agreement pursuant to Rule 9019(a) of the Bankruptcy Rules.

3. The court has jurisdiction over this motion pursuant to 28 U.S.C. §1334(b).

4. This matter is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2).

5. Venue of this matter is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

6. Bankruptcy Rule 9019(a) authorizes a court, after notice and a hearing, to approve a compromise or settlement of a controversy.

7. It is well settled that compromises are favored in bankruptcy cases to minimize litigation and to expedite the administration of the bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 392 (3d Cir. 1996); *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979); *Tindall v. Mavrode (In re Mavrode)*, 205 B.R. 716, 719 (Bankr. D.N.J. 1997).

8. In *Martin*, 91 F.3d at 393, the Court of Appeals enumerated the following factors to guide a court in its determination of the reasonableness of a settlement: "(1) the probability of successful litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors appearing." *See also, In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006).

9. A proposed settlement need not be the best one that could be achieved, but must only fall "within the reasonable range of litigation possibilities." *In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979) (citation omitted); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D.Del. 2006). As another court explained, "the court is not supposed to have a 'mini-trial' on the merits, but should 'canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.'" *In re Jasmine Ltd.*, 258 B.R. 119, 124 (D.N.J. 2000) (*quoting In re Neshaminy Office Building Assocs.,* 62 B.R. 798, 803 (E.D.Pa. 1986) *and citing In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D.Pa.1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993)); *accord Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983).

10. For reasons set forth in the Trustee's Certification, the Trustee believes the settlement is fair and reasonable and in the best interest of the estate and its creditors.

11. Accordingly, the trustee respectfully requests that the court approve the settlement.

WHEREFORE, it is respectfully requested that the court enter an order approving the settlement and granting such other and further relief as is just and proper.

        FORMAN HOLT
        Attorneys for Charles M. Forman, Trustee

Dated: November 23, 2020        By: */s/ Erin J. Kennedy*
                                                  Erin J. Kennedy