| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ  07662<br>(201) 845-1000<br>Attorneys for Charles M. Forman, Chapter 7 Trustee<br>Erin J. Kennedy, Esq.<br>ekennedy@formanlaw.com | |
| In Re:<br><br>MARINE ENVIRONMENTAL REMEDIATION GROUP LLC, et al.,<br><br>                                    Debtors. | Chapter:   7<br>Joint Administration<br><br>Case No.:  19-18994 (VFP)<br><br>Judge:   Hon. Vincent F. Papalia |
| MARINE ENVIRONMENTAL REMEDIATION GROUP LLC, et al.,<br>                                    Plaintiffs,<br>v.<br><br>STARR INDEMNITY & LIABILITY COMPANY, et al.,<br>                                    Defendants. | Adv. Pro. No. 20-1141 (VFP) |

**CERTIFICATION OF CHARLES M. FORMAN, CHAPTER 7 TRUSTEE,
IN SUPPORT OF MOTION TO APPROVE SETTLEMENT**

Charles M. Forman, the Chapter 7 Trustee ("Trustee") for the estates of Marine Environmental Remediation Group LLC ("Marine") and MER Group Puerto Rico, LLC ("MER" and, with Marine, the "Debtors"), hereby certifies as follows:

1. I am the Trustee for the Debtors' estates.

2. I make this certification in support of the motion for an order under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") approving the Trustee's settlement agreement with Starr Indemnity & Liability Co. ("Starr").

F0116441 - 1

3. On May 1, 2019, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11, of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*. in the United States Bankruptcy Court for the District of New Jersey.

4. On May 21, 2019, an order was entered providing for the joint administration of the Debtors' cases [D.I. 29].

5. On August 6, 2020, the Debtors' cases were converted from Chapter 11 cases to Chapter 7 cases [D.I. 376].

6. On August 7, 2020, I was appointed to serve as the Trustee in the Debtors' Chapter 7 cases [D.I. 377].

7. Between April 29, 2017 and April 30, 2017, a vessel owned by Marine, the Lone Star, sank at the Debtors' facility located in Puerto Rico referred to as Roosevelt Roads.

8. At the time that the Lone Star vessel sank, the Lone Starr was insured by Starr, which is the underwriter of Policy No. MASILYNY0047816 (the "Pollution Policy") that was issued to Marine providing certain pollution liability coverage for the vessel Lone Star, subject to the policy's terms and conditions, with a policy period from June 30, 2016, 12:01 a.m. to June 30, 2017, 12:01 a.m. The Pollution Policy named the Debtors as insureds.

9. The Debtors submitted a claim to Starr seeking coverage under the Pollution Policy for pollution mitigation and wreck removal related to the sinking of the Lone Star (Claim No. SMSIL0431358).

10. The Government of Puerto Rico, Department of Natural and Environmental Resources and the United States Coast Guard, among others, issued orders requiring the Debtors to remove the Lone Star wreck.

11. Starr agreed to incur and pay the expenses necessary for the Debtors to comply with the orders issued subject to a full reservation of rights; and conditioned upon receipt of a preferred ship mortgage in the crane vessel Seven Polaris for all costs and expenses incurred by Starr should there ultimately be no coverage under the Policy.

12. Starr incurred and paid $2,485,358.97 in expenses on behalf of the Debtors subject to the aforementioned reservation of rights and preferred ship mortgage.

13. After a full investigation, Starr declined the Debtor's claim related to the sinking of the Lone Star and demanded a full reimbursement of the amounts incurred and paid by Starr.

14. A coverage dispute relating to Starr's declination is the subject of litigation pending in the United States District Court, Southern District of New York that is currently stayed due to the Debtors' bankruptcy filing (Docket No. 17 civ. 09881) (the "SDNY Litigation").

15. On September 16, 2019, Starr filed a proof of claim in the Marine bankruptcy case seeking a total claim of $2,541,694.63 that was assigned Claim No. 10 (the "Proof of Claim"), of which it is asserted by Starr that $1,224,000.00 of the total claim is a secured claim against money held by the Trustee from the sale of the Seven Polaris vessel.

16. On April 30, 2020, the Debtors filed an Amended Complaint against Starr and Travelers Property Casualty Company of America in the United States Bankruptcy Court of District of New Jersey (Adv. Pro. No. 20-01141) (collectively with the SDNY Litigation, the "Litigations") to recover damages related to the sinking of the Lone Star and seeking related relief.

17. The Parties desire to resolve and settle all claims raised, or that could have been raised, between them in the Litigations and to resolve and settle all aspects of the Proof of Claim on the following terms and conditions: $793,500 will be paid to Starr from the funds totaling $1,221,000 being held by the Trustee from the proceeds of the sale of the Seven Polaris in full and

final settlement of all claims between the Debtors and Starr, resolution of the Litigations as to Starr, and for the disallowance of the Proof of Claim filed by Starr. The balance of the $1,221,000 will be property of the estate in accordance with 11 U.S.C. § 550. A copy of the Settlement Agreement is attached as Exhibit A.

18. In my business judgment, this settlement benefits the estate. Since I was appointed, I explored the feasibility of continuing to litigate against Starr. I took into consideration the complexity of the claims between the Debtors and Starr, the scope of the investigation it would take me and new counsel to become fully familiar with the issues in the litigation, the necessity to have the assistance of counsel conversant in maritime insurance law, the availability of a firm willing to handle the matter, and the ability of the estate to pay such counsel as well as to fund the litigation in general. I also took into consideration the amount of legal fees accrued by the Debtors in pursuing this litigation until now.

19. This settlement was made after the Debtors and Starr, as well as other parties, engaged in two mediation sessions in an effort to settle this matter. I have taken into consideration the position of both the Debtors and Starr in that mediation and the settlement proposals that were made during the mediation. I believe this settlement fairly considers the negotiations accomplished during the mediation and reflects a reasonable settlement in light of all the factors involved in this case.

20. I submit that the proposed settlement falls well within the highest and lowest points in the range of reasonableness and, accordingly, should be approved.

21. Notice of this motion has been given to a) counsel for Debtors, b) counsel for the Defendant, c) the Office of the United States Trustee, d) those parties that have formally requested

receipt of pleadings in Debtors' case pursuant to Bankruptcy Rule 2002 and e) creditors of both Debtors.

    I certify that the foregoing statements are true to the best of my knowledge, information and belief.

Dated: November 23, 2020

          */s/ Charles M. Forman*
          Charles M. Forman